RENDERED: APRIL 28, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1338-MR

RODNEY YOUNG                                                            APPELLANT

v.
APPEAL FROM LOGAN CIRCUIT COURT
HONORABLE JOE W. HENDRICKS, JR., JUDGE
ACTION NO. 21-CR-00092

COMMONWEALTH OF KENTUCKY                                               APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CETRULO, JONES, AND McNEILL, JUDGES.

McNEILL, JUDGE: Rodney Young ("Young") appeals from his final judgment and sentence on a plea of guilty, arguing the judgment contains a clerical error ordering him to pay court costs. For the reasons below, we affirm.

On September 2, 2021, Young pleaded guilty to first-degree fleeing or evading police, third-degree assault of a police officer, resisting arrest, third-degree criminal mischief, second-degree burglary, and being a second-degree persistent

felony offender. At the sentencing hearing, the trial court imposed a sentence of eighteen years' imprisonment and waived court costs. When the trial court entered its written judgment on Form AOC-445, it ordered court costs of $440.00 and then waived those costs because it had found Young to be indigent.

Young argues that by filling out the section on Form AOC-445 concerning court costs, rather than leaving it blank, the trial court contradicted its oral judgment waiving court costs, which amounts to a clerical error warranting correction. Young concedes that this issue was not preserved and requests palpable error review. RCr[1] 10.10 permits a trial court to correct "[c]lerical mistakes in judgments . . . arising from oversight or omission . . . at any time on its own initiative or on the motion of any party . . . ." This includes during the pendency of an appeal with leave of the appellate court.

We first note it is questionable whether the trial court's filling out Form AOC-445's section concerning court costs is even an "error" in need of correction, as the trial court then waived those costs. But even assuming the judgment contains a clerical error, we find no palpable error. As noted above, a clerical error may be corrected at any time, even during the pendency of the appeal. We are not aware of any effort made by Young to correct the alleged error while

---

[1] Kentucky Rules of Criminal Procedure.

this appeal has been pending.  As such, we cannot say any manifest injustice has occurred.  *See Davis v. Commonwealth*, 620 S.W.3d 16, 32 (Ky. 2021).

Accordingly, the judgment of the Logan Circuit Court is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Adam Meyer
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Melissa A. Pile
Assistant Attorney General
Frankfort, Kentucky